IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Olandio R. Workman, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 6:18-1331-HMH-KFM |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Robert Perry, James E. Hudson, ) | |
| Will Lewis, Greenville County Sheriff's ) | |
| Office, and Greenville County Council, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Olandio R. Workman ("Workman"), a state pretrial detainee proceeding pro se, alleges violations of 42 U.S.C. § 1983. Workman files this action in forma pauperis under 28 U.S.C. § 1915. Workman alleges that Sheriff Will Lewis ("Lewis") coerced Investigator Robert Perry ("Perry") to falsify arrest warrants issued against Workman. (Compl. 5, ECF No. 1.) In his Report and Recommendation, Magistrate Judge McDonald recommends dismissing this case without prejudice and without leave to amend the complaint. For the reasons discussed below, the court adopts the portions of the Report and Recommendation consistent with this opinion and dismisses Workman's complaint without prejudice and without leave to amend the complaint.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Workman is a state pretrial detainee at the Greenville County Detention Center. Workman was arrested in August 2016 on four warrants for domestic violence of a high and aggravated nature, kidnapping, possession of a weapon during a violent crime, and possession of a firearm or ammunition by a convicted felon. (R&R 1 n.1, ECF No. 8.) Including the immediate action, Workman has filed eighteen actions related to his arrest and ongoing incarceration. (Id. 2 n.2, ECF No. 8.) Workman filed this action, pursuant to 42 U.S.C. § 1983, on May 14, 2018.[2] (Compl., ECF No. 1.) Magistrate Judge McDonald issued his Report and Recommendation on May 25, 2018. (R&R, ECF No. 8.) After receiving two extensions, Workman filed timely objections to the Report and Recommendation on July 11, 2018.[3] (Objs., ECF No. 19.) This matter is now ripe for review.

## II. REPORT AND RECOMMENDATION

In the Report and Recommendation, Magistrate Judge McDonald recommends dismissing Workman's complaint because Workman's claims are barred by issue preclusion because the claims have been fully litigated in previous cases. (R&R 2-3, ECF No. 8.) Further, Magistrate Judge McDonald addressed the merits of Workman's complaint and recommends finding that (1) even if Workman's claims are not precluded, Greenville County Sheriff's Office ("GCSO") and Greenville County Council ("GCC") are not "persons" amenable to suit under 42 U.S.C. § 1983, (2) absolute immunity bars suit against state magistrate judge James E. Hudson ("Hudson"), (3) the court should abstain from issuing an injunction pursuant to the

---

[2] Houston v. Lack, 487 U.S. 266 (1988).

[3] Houston, 487 U.S. 266.

doctrine of Younger[4] abstention, and (4) Lewis and Perry are shielded from liability by qualified and Eleventh Amendment immunity. (Id. at 3-6, ECF No. 8.)

### III. OBJECTIONS

Workman filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Workman's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean three specific objections. Workman objects that the magistrate judge erred in recommending that (1) the Eleventh Amendment bars suit against Lewis and Perry; (2) the GCSO and GCC are not "persons" under § 1983; and (3) Hudson has absolute immunity from suit because he acted in his judicial capacity when signing the warrants for Workman's arrest. (Objs. 1, 3-4, 7, ECF No. 19.) For the reasons set forth below, Workman's objections are without merit.

First, as an initial matter, Workman fails to specifically object to the magistrate judge's recommendation that issue preclusion applies in this case and prevents Workman from relitigating his claims. However, the court finds that claim preclusion, rather than issue

---

[4] Younger v. Harris, 401 U.S. 37 (1971).

preclusion, applies to bar Workman's claims against Perry, Hudson, and GCSO. Under the doctrine of claim preclusion, "[a] final judgment on the merits of an action precludes the parties . . . from relitigating issues that were or could have been raised in that action." Pueschel v. United States, 369 F.3d 345, 354 (4th Cir. 2004) (alteration in original) (citation omitted). Claim preclusion, or res judicata, applies when there is "(1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (1) an identity of parties . . . in the two suits." Id. at 354-55. Workman previously filed suit against Perry, Hudson, GCSO,[5] and other parties, in Workman v. Perry. CA No. 6:17-00765-RBH, 2017 WL 4791150 (D.S.C. Oct. 23, 2017).[6] In Perry, Workman raised the same causes of action against Perry, Hudson, and GCSO that he is currently raising in the immediate action, and a final order on the merits was signed on October 23, 2017. Id. at *1. The court abstained from hearing Workman's claims against Perry under the doctrine of Younger abstention, found that GCSO was not a "person" under § 1983, and further found that Hudson was entitled to judicial

---

[5] Workman named the "Greenville County Police Department" as a defendant in the caption of that suit rather than GCSO. There is no existing entity called "Greenville County Police Department." However, Workman listed "Greenville County Police Department's" address as 4 McGee Street, Greenville, SC 29601, which is the address for GCSO, and also used "Greenville County Police Department" and "Greenville County Sheriff's Office" interchangeably in that complaint. As such, this court will treat the previous suit as one against GCSO.

[6] This court may take judicial notice of the prior case. Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970). See also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); Mann v. Peoples First Nat'l Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties).

immunity. Id. at *2. Accordingly, claim preclusion bars Workman from maintaining this suit against Perry, Hudson, and GCSO.

Second, consistent with the Report and Recommendation, issue preclusion applies to Workman's claims against GCC. "Issue preclusion . . . applies when the later litigation arises from a different cause of action between the same parties." Orca Yachts, L.L.C. v. Mollicam, Inc., 287 F.3d 316, 318 (4th Cir. 2002). Further, "[i]ssue preclusion operates to bar subsequent litigation of those legal and factual issues common to both actions that were actually and necessarily determined by a court of competent jurisdiction in the first litigation." Id. (internal quotation marks omitted). Workman previously brought suit against GCC under § 1983 for claims involving his incarceration in Workman v. Vandermosten, C.A. No. 6:17-02832-RBH, 2017 WL 1870525 (D.S.C. Apr. 19, 2018), and Workman v. Greenville County Council, C.A. No. 6:17-02846-RBH, 2018 WL 1912769 (D.S.C. Apr. 23, 2018). In both cases, the court found that GCC was not a "person" under § 1983, and thus was not a proper § 1983 defendant. Greenville Cty. Council, 2018 WL 1912769 at *2; Vandermosten, 2017 WL 1870525 at *2. Accordingly, issue preclusion bars Workman from relitigating this issue against GCC.

Further, regardless of whether Workman's claims against Perry, Hudson, GCSO, and GCC are barred by claim and issue preclusion, his objections to these issues are nonetheless without merit. Perry is entitled to Eleventh Amendment immunity. Lawson v. Union Cty. Clerk of Court, 828 F.3d 239, 278 (4th Cir. 2016) ("The Eleventh Amendment bars suit against state officials in their official capacity for damages under 42 U.S.C. § 1983."); Gulledge v. Smart, 691 F. Supp. 947, 955 (D.S.C. 1988) (holding deputy sheriffs are state officials for § 1983 purposes), aff'd, 878 F.2d 379 (4th Cir. 1989). Hudson is afforded absolute judicial immunity. King v.

5

Myers, 973 F.2d 354, 356-57 (4th Cir. 1992) (holding that state magistrate judges are absolutely immune under § 1983 when performing judicial actions in matters over which they have jurisdiction). GCSO and GCC are not "persons" subject to suit under § 1983. Harden v. Green, No. 01-6393, 2001 WL 1464468, at *4 (4th Cir. Nov. 19, 2001) (unpublished) (finding that buildings and groups of people like the medical department in a prison are not persons within the meaning of § 1983).

As to the remaining objection, Workman objects to the magistrate judge's recommendation that Lewis is immune from suit under the Eleventh Amendment. (Objs. 1, ECF No. 19.) Eleventh Amendment immunity "protects state agents and state instrumentalities," from suit, "meaning that it protects arm[s] of the State and State officials." Bland v. Roberts, 730 F.3d 368, 389-90 (4th Cir. 2013) (alteration in original) (internal quotation marks and citations omitted). "When a judgment against a governmental entity would have to be paid from the State's treasury, the governmental entity is an arm of the State for Eleventh Amendment purposes." Id. at 390. "[A] suit against the sheriff in his official capacity is a suit against the State." Stewart v. Beaufort County, 481 F. Supp. 2d 483, 492 (D.S.C. 2007); see also McCall v. Williams, 52 F. Supp. 2d 611, 623 (D.S.C. 1999) (holding that the sheriff is an arm of the state and entitled to Eleventh Amendment immunity in § 1983 actions). Accordingly, to the extent Workman seeks money damages from Lewis in his official capacity, Lewis is entitled to Eleventh Amendment immunity. Further, Lewis is also entitled to qualified immunity. See Porterfield v. Lott, 156 F.3d 563, 567 (4th Cir. 1998) ("[A] qualified immunity is recognized to protect government officials performing discretionary functions from civil damage suits 'insofar as [the officials'] conduct does not violate clearly established rights of which a reasonable person would

have known.'" (alteration in original) (quoting <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982))). Thus, Workman's objection is without merit.

Therefore, after a thorough review of the Report and Recommendation and the record in this case, the court adopts the portions of Magistrate Judge McDonald's Report and Recommendation consistent with this opinion.

It is therefore

**ORDERED** that Workman's complaint, docket number 1, is dismissed without prejudice and without leave to amend the complaint.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
September 19, 2018

# NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.